WILMARTH and another, Respondents, vs. JOHNSON, imp.,
Appellant.

*February 2—February 21, 1905.*

*Mortgages: Application of rents payable to mortgagee: Accounting.*

1. By the terms of a lease of mortgaged premises the rents were
   to be paid to one of the mortgagees and by him applied on
   taxes, insurance, and the mortgage debt. After a year the rent
   was reduced, with the consent of the mortgagor. *Held,* that
   the mortgagees were not chargeable with the difference between
   the original and the reduced rental.
2. Out of the rents collected said mortgagee paid back insurance,
   back taxes, and bills for repairs. The mortgage provided that
   the property should be kept insured by the mortgagor. Said
   payments were made with the consent of the mortgagor for
   the purpose of preserving and keeping up the property and
   securing an income therefrom. *Held,* that the sums so paid
   should not be charged against the mortgagees.

APPEAL from a judgment of the circuit court for Ashland
county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

This action was brought to foreclose a mortgage on lot 8,
block 1, city of Ashland, given by *Otto Johnson* and wife to
J. S. Wilmarth and *Fred Miller Brewing Company* to secure
$6,500, according to the terms of six promissory notes dated
April 10, 1893, with interest at eight per cent. per annum;
the last payable April 10, 1900. The complaint, which is in
the usual form, was amended upon the trial so as to allege that
J. S. Wilmarth had no interest; that *L. C. Wilmarth* was the
party beneficially interested, and that $6,845.42 was due,
with interest from May 3, 1902, to plaintiffs, from defendant
*Otto Johnson;* that defendant John H. Burch has, or claims
to have, a lien subsequent to the plaintiffs'.

Defendant *Otto Johnson* answered, and, among things, al-
leged that the *Fred Miller Brewing Company,* for a valuable
consideration, reduced the rate of interest upon its one-half
of the notes referred to in the complaint to six per cent.; that

the plaintiff *L. C. Wilmarth* was at the time of giving the mortgage, and thereafter continued to be, the general agent of J. S. Wilmarth and plaintiff *Fred Miller Brewing Company;* that on the 22d day of May, 1895, the mortgaged premises were leased to one M. W. Brown for five years at the annual rental of $1,500; that defendant *Otto Johnson* assigned all his interest in said lease to plaintiff *L. C. Wilmarth* for the benefit of the mortgagees, and that they agreed to collect the rent and apply the same to the payment of the notes and mortgage, and that, in pursuance of said agreement, plaintiff collected the rents due on said lease up to May 1, 1899; that on April 8, 1899, said defendant *Johnson* leased the premises to one Thomas Keneally for the term of three years from May 1, 1899, for the annual rental of $1,200, payment to be made to plaintiff *L. C. Wilmarth* and applied on taxes, insurance, and the mortgage indebtedness; that pursuant to said agreement plaintiff *L. C. Wilmarth* collected the amount due on said lease up to and including June 1, 1902; that on January 17, 1902, there was due on said notes and mortgage, after deducting rents turned over, no more than $3,000, and on said day said defendant *Johnson* tendered said amount to plaintiff *L. C. Wilmarth,* and demanded satisfaction of the mortgage, but that plaintiff refused to accept same or satisfy the mortgage, claiming that there was still due thereon $6,900.

Defendant Burch answered, setting up a second mortgage given by defendant *Johnson* to the *Fred Miller Brewing Company,* and afterwards assigned to him, to secure a note of $725, dated February 10, 1894, due one year from date, with interest at six per cent. per annum, no part of which had been paid; praying payment in case of surplus. Defendant *Johnson,* answering the cross-complaint of Burch, admitted the execution and delivery of the note and mortgage and alleged payment in full of the interest thereon.

The case was tried upon the issues thus formed, and the

court found in favor of the plaintiffs on all the material allegations of the complaint, and, among other things, found that plaintiff *L. C. Wilmarth* collected for and on account of the defendant *Otto Johnson* rents to the amount of $7,030, and paid of said sum at the request of defendant *Johnson,* and for his benefit, $3,186.63, and the remainder so collected, $3,843.37, was, by agreement between plaintiffs and defendant *Johnson,* applied on plaintiffs' mortgage indebtedness, and that no other payment was made on said indebtedness or interest; that there was due plaintiffs $7,124.26; that there was due defendant Burch on his note and mortgage $725, and interest at six per cent. per annum from February 10, 1895. As conclusions of law the court below found that the plaintiffs were entitled to judgment of foreclosure and sale to satisfy the amount due plaintiffs, with interest and costs, and that judgment be in the usual form, with order for deficiency judgment in case the proceeds of sale be not sufficient to satisfy judgment, with interest and costs, and that, if any surplus remain after payment of plaintiffs' judgment, the same be applied on the claim of defendant Burch on his cross-complaint.

Judgment was entered in accordance with the findings of fact and conclusions of law, from which this appeal was taken.

For the appellant there was a brief by *Tomkins, Tomkins & Garvin,* and oral argument by *W. M. Tomkins.*

For the respondents there was a brief by *Lamoreux & Shea;* and oral argument by *W. F. Shea.*

KERWIN, J. The only question litigated on the trial was the amount of plaintiffs' mortgage debt. The plaintiff *L. C. Wilmarth* had charge of the collection of rents under the Brown and Keneally leases, which rents were to be applied in payment of insurance and taxes on the mortgaged premises and the balance upon the plaintiffs' mortgage debt. The court below found that the plaintiff *L. C. Wilmarth* collected $7,030 and no more, and paid out at the request of defend-

ant *Johnson* $3,186.63 on his debts, and that the balance, $3,843.37, was, by agreement of plaintiffs and defendant *Johnson,* applied on the indebtedness to the plaintiffs mentioned in the complaint. It is contended, however, on the part of defendant *Johnson* that the plaintiff *L. C. Wilmarth* should have collected $2,625 more rent on the Brown lease, and that, because he failed to do so but consented to a reduction of the rent, the plaintiffs should be charged with such reduction. It is also claimed that $280 paid on insurance and $479.16 on repairs should be charged to the plaintiffs because unauthorized by defendant *Johnson.*

The only question, therefore, to be considered is whether the $2,625, uncollected amount of rent on Brown lease, $280 paid on insurance, and $479.16 on repairs should be charged to plaintiffs. It appears from the evidence that the lease of the mortgaged property was made to M. W. Brown on the 22d day of May, 1895, for a period of five years, at the annual rental of $1,500; that according to the terms thereof payments were to be made to *Wilmarth* and applied on taxes, insurance, and mortgage indebtedness of plaintiffs. About one year after the execution of the lease Brown failed to comply with its terms, and the rent was reduced from $125 per month to $100, and afterwards to $75, and later to $60. The plaintiff *Wilmarth* testified that this reduction of rent was made with the consent of *Johnson,* and the facts and circumstances in the case seem to corroborate this theory. The evidence shows that the times were hard. Brown failed to make his payments promptly, and was probably insolvent. It was considered for the interest of all parties that the rent should be reduced, and there is ample evidence that it was done with the consent of *Johnson.* There is some evidence to the effect that *Johnson* proposed taking the premises himself, when the question of reduction of rent came up, but this proposition was never carried out, and Brown was suffered to remain in possession until the property was afterwards

leased to Kencally. It is undisputed that this $2,625, amount of uncollected rent, which *Johnson* claims should be charged to the plaintiffs, was never collected or applied on the indebtedness. The answer of defendant *Johnson* alleges that plaintiff *Wilmarth* agreed to collect all of this rent, but this allegation is unsupported by the evidence. It is very clear that the $2,625, 'uncollected rent, upon any theory of the testimony, is not chargeable to the plaintiffs.

Concerning the other items—$280 on insurance and $479.16 on repairs—we think the evidence is ample that this insurance and the bills for repairs were paid, by authority and with the consent of defendant *Johnson,* out of the rent moneys collected. The lease provided that insurance and taxes should be paid out of the rents, and the mortgage also provided that the property should be kept insured at the expense of the mortgagors. It appears that in the fall of 1895, when the plaintiff *Wilmarth* took charge of the mortgaged property, there was one year's back insurance, amounting to about $280, and several years' back taxes. It seems that the first rent was used by *Wilmarth* to pay the back insurance, about $280, and the back taxes. This $280 insurance, as we understand it, is the insurance which the defendant *Johnson* claims plaintiffs had no authority to pay; but it was *Johnson's* debt and was paid for his benefit. Plaintiff *Wilmarth* testifies that all disbursements were made at the request of defendant *Johnson* and were consented to by him, and that statements were furnished showing the items of insurance, taxes, and repairs. It is clear from the evidence that all insurance and taxes, as well as money expended for repairs, were for the benefit of the property in which defendant *Johnson* had an equity of redemption. These expenses were incurred and paid for the purpose of preserving and keeping up the property and securing an income therefrom, and the claim of counsel that they should be charged to plaintiffs is not supported by the evidence.

The findings of the court below established the amount of rents collected, the amount of moneys paid out for insurance, taxes, and repairs, and the amount which by agreement of plaintiffs and defendant *Johnson* was applied on the mortgage indebtedness. If these findings stand, the judgment of the court below must be affirmed. We have carefully examined the evidence and are satisfied that the findings are sustained by the evidence, or at least that there is no such preponderance of the evidence against such findings as would justify this court in disturbing them.

*By the Court.*—The judgment of the court below is affirmed.